# Philadelphia to use v. DeHaven, Appellant.

*Municipal liens—Remedy—Assumpsit—Act of April 4, 1907, P. L. 40.*

The Act of April 4, 1907, P. L. 40, providing for the collection of municipal claims by an action of assumpsit is not retrospective, and does not apply to cases in which the improvement had been completed and assessment made prior to the approval of the act.

Argued Oct. 13, 1909. Appeal, No. 153, Oct. T., 1909, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1908, No. 610, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia to use of Barber Asphalt Paving Company v. Holstein DeHaven. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover a municipal claim for paving.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Charles H. Downing,* for appellant.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellee.

OPINION BY PORTER, J., December 13, 1909:

The plaintiff brought this action of assumpsit to recover of the defendant the amount of a municipal claim which had been assessed against his property for paving Sixty-second street, in the city of Philadelphia. The statement filed by the plaintiff disclosed that the improvement was completed and the assessment against the property of the defendant made on October 13, 1906, and the plaintiff asserted the right to recover, in this form of action, by virtue of the provisions of the Act of April 4, 1907, P. L. 40. The affidavit of defense averred that the paving for which the plaintiff sought to charge the defendant in this personal action had been com-

pleted on October 13, 1906, and that the assessment for the same had on that day been made, as averred in plaintiff's statement, and further averred that the defendant was not personally liable for this claim because the act of April 4, 1907, upon which the plaintiff relied to sustain his action, had not been passed until after the paving had been completed and the assessment made. The court below entered judgment in favor of the plaintiff for want of a sufficient affidavit of defense; and the defendant appeals.

The only question raised by the specifications of error is whether the Act of April 4, 1907, P. L. 40, is to be so construed as to give it a retrospective effect, and thus made to impose a personal liability upon owners of property when public improvements had been completed and assessments therefor made prior to the enactment of the statute. This question was considered in the case of Barnesboro Borough v. Speice, 40 Pa. Superior Ct., 609. We held in that case that the statute should not be given a retrospective effect, and that it did not apply to cases in which the improvement had been completed and benefits assessed prior to the approval of the act. For the reasons stated in the opinion referred to the specifications of error must be sustained.

The judgment is reversed and the record remitted with a procedendo.